the owners of the land whereon the nuisance was erected. In this the counsel is in error. As has been already stated, it is an action in equity, and the court can administer relief in this class of cases on broad principles of justice, without reference to technicalities which prevailed formerly on this subject in courts of law. (*Knox* v. *Mayor, supra.*)"

*Frank Crooke*, for the appellant. *Alfred B. Cruikshank*, for the respondent.

Opinion by DYKMAN, J.; BARNARD, P. J., concurred; GILBERT, J., not sitting.

Order overruling demurrer to complaint affirmed, with costs and disbursements.

---

MARGARET S. WOODBRIDGE, APPELLANT, *v.* PELEG NELSON, RESPONDENT.

*Conversion of property — what evidence sufficient to establish — order of arrest for.*

APPEAL from an order made at the Special Term, setting aside an order of arrest.

The court, at General Term, said: " The facts so far as they are material for the discussion of the present appeal are few. On the 27th of January, 1877, the plaintiff owned certain household furniture which she had in her possession in the house, 24 Nassau street, Brooklyn. On that day she sold the furniture to defendant, and took in part payment for the same a note of $250, accompanied by a chattel mortgage. The note was payable at six months, and the mortgage was filed in the proper office. It was designed and intended that the furniture should remain in the house 24 Nassau street, until after the note was paid. The defendant without plaintiff's knowledge, moved three times before the note was due. The plaintiff, in the last days of July, 1877, found him occupying rooms in Hicks street; he had not taken the furniture there. The plaintiff called there on the 30th of July, 1877, the last day of grace upon the note, and was told by defendant's wife that he was in Boston. Defendant's wife also told plaintiff at this interview that

she did not know where the furniture was. Plaintiff called twice at the same place in Hicks street, on the 4th of August, 1877. Neither time was she able to find defendant. On one of these occasions defendant's wife told her that her husband had gone to Boston and would return the tenth or eleventh of August; that she did not know where the furniture was. After being pressed by plaintiff, she said it was stored in Myrtle avenue, but she didn't know where. On the tenth of August plaintiff again called at Hicks street and defendant and his wife had both moved away the day before. Plaintiff is unable to find her property or any property of defendant and is unable to find defendant, nor that he has any known residence. By the default in the payment of the mortgage the title became absolute in plaintiff. No demand is necessary if the property has been converted by defendant. The only question upon this appeal is, whether these facts would entitle the plaintiff to go to a jury upon the question of conversion if the facts remain uncontradicted upon the trial. I think they would. I think the jury would, without hesitation, find a conversion in fact.

The order should be reversed with costs, and the motion denied with costs."

*Samuel W. Judson*, for the appellant. *John Cummins*, for the respondent.

Opinion by BARNARD, P. J.; GILBERT and DYKMAN, JJ., concurred.

Order vacating order of arrest reversed, with costs and disbursements.